UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT RHODE,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:19-CV-522-JD-MGG

OPINION AND ORDER

Robert Rhode, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 19-3-210) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 212. Following a disciplinary hearing, he was sanctioned with a loss of ninety days of earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Rhode argues that he is entitled to habeas relief because he did not receive sufficient notice of the disciplinary hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than twenty-four hours before the hearing. *Id.* The administrative record includes a

copy of the conduct report, which articulates the factual basis for the battery charge and indicates that Rhode received a copy of the conduct report on March 20, 2019. According to the petition, the hearing was held eight days later on March 28. Because Rhode received notice of the charges more than twenty-four hours in advance of the hearing, the argument that he did not receive sufficient notice is not a basis for habeas relief.

Next, Rhode argues that he is entitled to habeas relief because he requested a witness statement from the battery victim but did not receive it. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff*, 418 U.S. at 566. However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Here, the witness statement form does not indicate that prison officials prevented him from presenting the victim as a witness but indicates that correctional staff asked the victim to provide a written statement and were refused. Further, given that Rhode faced charges of subjecting the victim to physical violence, the risk of reprisal in forcing this inmate to testify is readily apparent. Nor does Rhode describe how the victim would have testified or how the absence of such testimony prejudiced him. *See Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (applying harmless error analysis to a prison disciplinary proceeding). Therefore, the argument that he did not receive a witness statement from the victim is not a basis for habeas relief.

Additionally, Rhode argues that he is entitled to habeas relief because he received inadequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Rhode's filings demonstrate his literacy, and the battery charge was not particularly complex. Consequently, Rhode was not entitled to any assistance from a lay advocate at the disciplinary hearing. Therefore, the argument that he received inadequate assistance from a lay advocate is not a basis for habeas relief.

Rhode further argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He states that the hearing officer was high ranking, discredited his testimony, punished him too harshly, and conducted the hearing unfairly in numerous respects. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* None of the reasons listed by Rhode suggest that the hearing officer was involved in the underlying incident, had a personal interest in the hearing, or based his

3

decision on anything other than the administrative record. As a result, the argument that the hearing officer was not an impartial decisionmaker is not a basis for habeas relief.

Rhode also argues that he is entitled to habeas relief for various other reasons, including his transfer to another facility without a classification hearing, the lack of a lay advocate during the appeal process, and the imposition of a loss of earned credit time sanction just four months before his expected release date. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Moreover, the Supreme Court of the United States has indicated that the list of procedural due process protections for prison disciplinary proceedings in *Wolff* is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Because Rhode cannot challenge a classification issue in a habeas proceeding and because Rhode's remaining arguments do not concern his rights under *Wolff*, these arguments are not basis for habeas relief.

Because Rhode has not asserted a valid claim for habeas relief, the habeas petition is denied. If Rhode wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

As a final matter, Rhode also filed a motion to appoint counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Notwithstanding the absence of any unresolved issues remaining in this case, Rhode does not describe his efforts to obtain a lawyer on his own, and there is no indication that Rhode would have a reasonable chance of obtaining habeas relief with assistance of counsel. Therefore, this motion is denied.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) WAIVES the filing fee;

(3) DENIES the motion to appoint counsel (ECF 2);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Robert F. Rhode leave to proceed in forma pauperis on appeal.

SO ORDERED on July 11, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT